IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMI HARTLEY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>URBAN OUTFITTERS, INC.,<br><br>       Defendant. | CASE NO.  2:23-CV-04891-CMR |

**REPLY BRIEF IN SUPPORT OF DEFENDANT URBAN OUTFITTERS, INC.'S MOTION TO DISMISS COMPLAINT**

**I. INTRODUCTION**

Plaintiff's opposition to Defendant Urban Outfitters, Inc.'s ("Urban Outfitters") Motion to Dismiss (Doc. No. 10) relies primarily on non-binding and distinguishable case law and often talks in circles.  What is clear from Plaintiff's response is that Plaintiff has failed to establish standing, as she cannot demonstrate she has suffered a concrete injury.  Plaintiff did not receive unwanted emails.  To the contrary, *she subscribed to receive the subject emails*.  Plaintiff's response offers no support for the claim that there is a privacy interest in when she opens and reads an email she requested or that a reasonable person would find such practice to be highly offensive. To accept Plaintiff's argument would be tantamount to finding an intrusion upon seclusion every single time an employee observes a customer walk in and out of a brick and mortar store.  Without a concrete injury, Plaintiff lacks standing and her Complaint must be dismissed.

Plaintiff's opposition also fails to establish an entitlement to relief under the Arizona Telephone, Utility, and Communication Service Records Act ("Arizona Act").  Plaintiff has not come forward with any support—other than internet definitions from cybersecurity and marketing

vendors—that would justify a finding that the record of when an email is open and read is a "communication service record." Neither the Arizona Legislature nor the Arizona courts have interpreted the Arizona Act in that manner and this Pennsylvania Court should not be the first to do so.

## II.     ARGUMENT IN REPLY

### A.     Plaintiff Has Not Met Her Burden of Establishing Standing

In trying to establish she has suffered a "concrete" injury, Plaintiff relies on several cases, the majority of which are not binding on this Court. None of the case law relied on by Plaintiff establishes a privacy interest exists in opening an email. As such, Plaintiff has not shown she suffered a concrete injury and cannot establish standing.

Only three of the seven cases cited by Plaintiff are from courts within the Third Circuit. All three are distinguishable and none support her argument. Indeed, in *Barclift v. Keystone Credit Servs.*, the court found that the plaintiff did ***not*** establish standing, finding that the plaintiff "cannot demonstrate that the injury resulting from [the defendant's] communication of her personal information to a third-party mailing vendor bears a close relationship to harm traditionally recognized by American courts." 93 F.4th 136, 145 (3d Cir. 2024). In *Huber v. Simon's Agency, Inc.*, 84 F.4th 132 (3d Cir. 2023), the plaintiff did not allege that she had suffered an intrusion upon seclusion or any other privacy tort. Rather, the plaintiff alleged that the sending of misleading and deceptive collection letters by a credit agency was defamatory. The court rejected that argument, but found that the plaintiff had standing based on fraudulent misrepresentation. And, finally, in *Braun v. Phila. Inquirer, LLC*, No. 22-cv-4185, 2023 WL 7544160, *5 (E.D. Pa. Nov. 13, 2023), the court held the plaintiffs established standing because they had pleaded sufficient facts to establish a claim under the VPPA. Plaintiff, however argues in her response that "the VPPA, is a

*completely different statute, and its substantive interpretation has no bearing on the instant case*." Response, Doc. No. 12 at p. 12 (emphasis added).

The non-binding case law from other jurisdictions relied on by Plaintiff is equally unavailing. In *Doyle*, *Dickson,* and *Drazen*, the courts found the plaintiffs sufficiently pled a privacy injury where they received *unsolicited* and *unwanted* telephone calls or text messages. *See Doyle v. Matrix Warranty Solutions, Inc.*, Civil Action No. 22-03198, 2023 WL 4188313 (D.N.J. June 26, 2023) (unwanted prerecorded call); *Dickson v. Direct Energy, LP*, 69 4th 338 (6th Cir. 2023) (unauthorized prerecorded messages); *Drazen v. Pinto*, 74 4th 1336 (11th Cir. 2023) (unwanted, automated telemarketing text messages). This is quite different from the situation here where Plaintiff asserts that she voluntarily signed up for and subscribed to the emails she received. Compl. at ¶ 3, Doc. No. 1.

Plaintiff also cites to *Salazar v. Nat'l Basketball Ass'n*, No. 1:22-cv-07935, 2023 WL 5016968 (S.D.N.Y. Aug. 7, 2023), where the court found standing based on a violation of the VPPA, which, as stated above, Plaintiff has argued is a "completely different statute, and its substantive interpretation has no bearing on the instant case." Response, Doc. No. 12 at p. 12. Moreover, the plaintiffs in *Salazar* alleged that the NBA website disclosed the plaintiffs' identity and viewing preferences to a third party. 2023 WL 5016968, at *2. Here, there are no allegations that Urban Outfitters disclosed Plaintiff's identity or the record of when Plaintiff opened an email she requested to any third party.

Plaintiff next attempts to argue that privacy rights under Arizona law are broader because Arizona has adopted the Restatement (Second) of Torts § 652B. Doc. No. 12 at p. 6. Even assuming that Arizona law applied, Pennsylvania courts have also "cited with approval the Restatement (Second) of Torts §§ 652B-E for support regarding invasion of privacy matters."

3

*Harris by Harris v. Easton Pub. Co.*, 483 A.3d 1377, 1383 (Pa. Super. 1984); *see also Fogel v. Forbes, Inc.*, 500 F. Supp. 1081, 1087 (E.D. Pa. 1980) (noting "Pennsylvania courts have adopted Sections 652B through 652E of the Restatement (Second) of Tort"). And, under both Arizona and Pennsylvania law, intrusion upon seclusion requires that the intrusion be "highly offensive" to a reasonable person. *See Doe v. Hosp. of Univ. of Penn.*, 546 F. Supp. 3d 336, 353 (E.D. Pa. 2021) (applying Pennsylvania law); *Shupe v. Capital One Bank USA, NA*, No. CV-16-00571, 2017 WL 11112432, at *2 (D. Az. Dec. 22, 2017) (applying Arizona law).

Plaintiff does not even attempt to argue that tracking when someone opens and reads an email he or she requested is highly offensive to a reasonable person. Instead, Plaintiff appears to argue that *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) does not require her to establish all the elements of her privacy tort for purposes of standing. While the Supreme Court recognized in *TransUnion* that a plaintiff is not required to demonstrate "an exact duplicate in American history and tradition" when identifying a concrete injury, the Court admonished that this did not mean there was "an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." *Id.* at 424-25.

As such, courts have required a plaintiff relying on an intrusion upon seclusion to establish standing to sufficiently plead highly offensive practices and have not hesitated to dismiss complaints that fail to do so. In *Farst v. AutoZone,* No. 1:22-CV-1435, 2023 WL 7179807 (M.D. Pa. Nov. 1, 2023), the plaintiff alleged that the defendant's procurement of a third-party service provider to watch and record mouse clicks, key strokes, and other information inputted by him on the defendant's website was an intrusion upon seclusion which established Article III standing. The court disagreed, noting that the Third Circuit has held that "a company's online tracking practices, even when directed towards children's internet behavior, is not 'sufficiently offensive,

4

standing alone,' for a claim of intrusion upon seclusion to survive a motion to dismiss." *Id.* at *3 (citing *In re* Nickelodeon Consumer Priv. Litig., 827 F.3d 262, 294-95 (3d Cir. 2017)).  The court distinguished such tracking from cases alleging defendants deceived plaintiffs by secretly collecting their private data after promising they would not.  *Id.* at *4.  Just like in *Farst*, the Complaint here contains no such allegations and therefore, Plaintiff here has failed to adequately plead she suffered an injury analogous to intrusion upon seclusion at common law.  *Id.*

Plaintiff has not provided this Court with a single case—from this jurisdiction or elsewhere—that supports the contention that tracking when an email Plaintiff requested was opened constitutes an intrusion upon seclusion.  *Lawlor v. N. Am. Corp. of Illinois*, 983 N.E.2d 414, 418 (IL 2012) did not involve simply "obtaining phone call records" as Plaintiff states, but, rather, involved a private investigation firm obtaining private, non-public phone records by deceptively **pretending to be the plaintiff**.  *Miller v. Brooks*, 472 S.E.2d 350, 353 (N.C. App. 1996), did not involve simply "intercepting and sorting mail" as Plaintiff states, but, rather, involved an estranged wife who installed video cameras recording her husband undressing, showering, and going to bed, as well as intercepting and discarding his mail.

The claims in *Lawlor* and *Miller* are completely distinguishable from the allegations pleaded here.  Plaintiff has not shown how data collected concerning when someone opens and reads an email can reveal private information and has not even attempted to explain how this is any different than a store employee observing when a customer enters, browses, and leaves a store. *See Farst*, 2023 WL at 7179807 at *4 (online activity, "like shopping in a public store, is not an activity one can reasonably expect to keep private from the retailer").  Nor has Plaintiff pleaded facts sufficient to show tracking when someone opens an email is highly offensive.  Plaintiff cannot establish Article III standing and her claims must be dismissed.

### B.      Plaintiff's Complaint Fails to State a Claim Under the Arizona Act.

Plaintiff's response misrepresents Urban Outfitter's argument, claiming Urban Outfitters has argued that "electronic mail" is not email. Doc. No. 12 at p 12. To be sure, that argument does not appear anywhere in Urban Outfitters' Motion. Regardless, Plaintiff's focus on electronic mail or email is of no consequence because *it does not matter whether electronic mail or email is a "communication service record."* The Complaint does not allege that the emails she received from Urban Outfitters were improperly received communication service records. Indeed, the Complaint asserts that Plaintiff voluntarily signed up to receive emails from Urban Outfitters. Compl. at ¶ 3, Doc. No. 1.

Rather, the Complaint alleges that *the recording of when those emails were received and read* is a communication service record. There is nothing in the plain language of the Arizona Act that includes a record of when an email is opened and read as a "communication service record." Nor is such a finding supported by the legislative history. *See, e.g.,* Doc. No. 10 at pp. 9-11. Plaintiff, however, urges this Court to ignore the plain language and/or the legislative history. Instead, Plaintiff calls on this Court to adopt definitions from the website of a CrowdStrike—a private cybersecurity technology vendor and the website of TechTarget—a private company that provides data-driven marketing services to technology vendors. Doc. No. 12 at p. 11.

Contrary to Plaintiff's contention in the response brief, Urban Outfitters is not arguing that the Arizona Act is no longer applicable because it was passed in 2007. Rather, it is the fact that the Arizona Legislature has not taken any steps to update the definition of "communication service record" during the past 17 years that is significant. If the Arizona Legislature wanted to expand the Arizona Act, it could have. This Pennsylvania Court should not take on that task.

Because the opening and reading of emails clearly does not fall within the definition of

communication service record under the Arizona Act, Plaintiff is not entitled to relief.

## IV.  CONCLUSION

For all the reasons set forth above, Defendant Urban Outfitters, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively pursuant to Federal Rule of Civil Procedure 12(b)(6) and enter an order dismissing all claims against Urban Outfitters, Inc. with prejudice.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Sara Anderson Frey*
Sara Anderson Frey
Attorney I.D. No. 82835
1717 Arch Street, Suite 610
Philadelphia, PA 19103
215-717-4009
sfrey@grsm.com

Timothy K. Branson (*Pro Hac Vice*)
Patrick J. Mulkern (*Pro Hac Vice pending*)
101 West Broadway, Suite 2000
San Diego, CA 92101
619-696-6700
tbranson@grsm.com
pmulkern@grsm.com

Attorneys for Defendant Urban Outfitters, Inc.

Date:  April 5, 2024

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on this 5th day of April, 2024, I caused a true and correct copy of Defendant's Reply Brief in Support of Motion to Dismiss to be served upon all counsel of record via the Court's electronic filing system.

*/s/ Sara Anderson Frey*
Sara Anderson Frey